# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GINA SPEARMAN,

     Plaintiff,

   v.

BROKER SOLUTIONS, INC., d/b/a
NEW AMERICAN FUNDING,

     Defendant.

Case No. 1:20-cv-04981-CAP

---

**DEFENDANT BROKER SOLUTIONS, INC., D/B/A NEW AMERICAN FUNDING'S
OBJECTIONS AND RESPONSES TO PLAINTIFF GINA SPEARMAN'S FIRST
REQUESTS FOR PRODUCTION**

COMES NOW Defendant Broker Solutions, Inc., d/b/a New American Funding ("NAF") and, pursuant to Fed. R. Civ. P. 26 and 34, submits the following objections and responses to Plaintiff Gina Spearman's First Requests for Production:

**<u>Request No. 1</u>: All documents which you identified or utilized in responding to Plaintiff's First Interrogatories to NAF.**

<u>Response</u>: NAF objects to this request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine, specifically documents prepared in anticipation of litigation or documents exchanged between NAF and its legal counsel.

Subject to and without waiving the foregoing objection, NAF will produce the relevant, non-privileged documents identified in its responses to Plaintiff's First Interrogatories to NAF.

**Request No. 2**: **All documents prepared by, reviewed by, or relied upon by any person you intend to call as an expert witness at the trial of this case.**

**Response**: NAF objects to Request No. 2 as premature as NAF has not yet identified an expert witness. NAF reserves the right to supplement this response if it identifies an expert witness in this proceeding.

**Request No. 3**: **All documents you have provided to, or received from, any person you intend to call as an expert witness at the trial of this case, including, communications between each proposed expert and Defendant, their agents, representatives, or attorneys.**

**Response**: NAF objects to Request No. 3 as premature since NAF has not yet identified an expert witness. NAF reserves the right to supplement this response if it identifies an expert witness in this proceeding.

**Request No. 4**: **All documents that support any defenses asserted in Defendant's Answer and Affirmative Defenses.**

**Response**: NAF objects to Request No. 4 to the extent it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects to the

16919654v2

phrase "[a]ll documents that support any defenses" as overbroad, unduly burdensome, and not proportional to the needs of the case, and furthermore is premature, as discovery is still ongoing.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents.

**Request No. 5**: **All documents which You contend support your denial of any allegation contained in the Amended Complaint.**

**Response**: NAF objects to Request No. 5 to the extent it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects to the phrase "[a]ll documents that support any denial of any allegation contained in the Amended Complaint" as overbroad, unduly burdensome, and not proportional to the needs of the case, and furthermore is premature, as discovery is still ongoing.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents.

**Request No. 6**: **Monthly spreadsheets maintained contemporaneously by NAF from November 2016 through March 2020 showing tabs for summary and funding details for each of the loans/transactions that qualified for payment of Override Bonuses.**

**Response**: NAF will produce responsive documents as prepared in the ordinary course of business.

**Request No. 7**: **Monthly spreadsheets maintained contemporaneously by NAF from November 2016 through March 2020 showing tabs for summary and funding details for each of the loans/transactions for which NAF paid Ms. Spearman a bonus of any type.**

**Response**: NAF will produce responsive documents as prepared in the ordinary course of business.

**Request No. 8**: **The monthly BM/AM Recap maintained by NAF for each month from November 2016 through March 2020 for the loans originated in Ms. Spearman and Ms. Allison's territories.**

**Response**: NAF will produce responsive documents as prepared in the ordinary course of business.

**Request No. 9**: **All written communications between You and Plaintiff during her employment related to the terms of her employment as described in the employment agreements that are the subject of this litigation.**

**Response**: NAF objects to Request No. 9 as overbroad, unduly burdensome, and not proportional to the needs of the case as it, as arguably drafted, seeks all

written communications related to Plaintiff's employment terms, not just the terms subject to this litigation.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents.

**Request No. 10**: **All written communications amongst NAF's officers and Human Resource employees regarding Plaintiff's compensation, including Override Bonuses, for the time preceding, during, and after Plaintiff's employment.**

**Response**: NAF objects to Request No. 10 to the extent that, as drafted, it conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects to the phrases "[a]ll written communications . . . regarding Plaintiff's compensation" as overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to compensation changes and the specific forms of compensation at issue, and is not limited to communications during the period of Plaintiff's employment when she contends that she was underpaid regarding certain specific forms of compensation.

Subject to and without waiving the foregoing objections, NAF will produce relevant, non-privileged documents showing communications relating to Plaintiff's

5

employment agreements and the specific forms of compensation at issue during Plaintiff's employment with NAF.

**Request No. 11**: **All documents concerning any communication between You and Plaintiff reflecting the amount of Plaintiff's compensation and any changes thereto.**

    **Response**: NAF objects to Request No. 11 as overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks all documents related to Plaintiff's compensation, and is not limited to the specific forms of compensation and changes at issue.

    Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents.

**Request No. 12**: **A complete and accurate copy of NAF's entire employment file pertaining to Gina Spearman.**

    **Response**: NAF objects to this Request on the ground that the phrase "entire employment file" is vague, but NAF will interpret this phrase to refer to Plaintiff's personnel file as maintained by NAF in the ordinary course of business.

    Subject to and without waiving the foregoing objection, NAF will produce responsive documents within Plaintiff's personnel file.

6

**Request No. 13**: **All documents concerning Plaintiff's complete loan production from 2016 through March 2020.**

**Response**: NAF objects to Request No. 13 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks "all documents concerning" Plaintiff's entire loan production from 2016 through March 2020 which literally would include every document relating to every loan produced, directly or indirectly, by Plaintiff.

NAF is willing to confer with Plaintiff regarding how to reasonably limit this request and then produce documents accordingly.

**Request No. 14**: **All documents concerning payment of Override Bonuses to Gina Spearman and Kelly Allison from November 6, 2016 through March 1, 2020.**

**Response**: NAF objects to Request No. 14 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to changes relating Plaintiff's Override Bonus compensation.

16919654v2

Subject to and without waiving the foregoing objections, NAF will produce relevant, non-privileged documents.

**Request No. 15**: **All documents and communications reflecting NAF's internal discussions relating to Ms. Spearman's employment agreements from June 2016 through the present.**

**Response**: NAF objects to Request No. 15 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to the employment agreement terms relevant to this case, or the time periods relevant to this case, specifically those periods during which Plaintiff contends that she was underpaid.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents relating to Plaintiff's employment agreements during the period that Plaintiff was employed by NAF.

**Request No. 16**: **All documents reflecting NAF's practice of paying 7.5 bps for Marketing Expenses.**

**Response**: NAF objects to Request No. 16 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects to the

8

Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to changes in marketing costs, nor to payments to Plaintiff.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents relating to the payment of marketing expenses to Plaintiff.

**Request No. 17**: **All documents concerning any communications related to the February 2019 Leadership meeting that resulted in NAF no longer paying Marketing Expenses, including internal emails amongst NAF officers that in any way reflect the February 2019 Leadership meeting whether prepared before, during, or after said meeting.**

**Response**: NAF objects to Request No. 17 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks "[a]ll documents" "that in any way reflect" the meeting.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents reflecting the content of the February 2019 Leadership meeting.

9

**Request No. 18**: **All documents concerning the misallocation of thirty million dollars NAF Officers reported at the February 2019 Leadership meeting.**

    **Response**: NAF objects to Request No. 18 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects to the Request as not relevant to any claims or defenses as the reasons NAF may have changed compensation in February 2019 have no bearing on Plaintiff's entitlement to any such compensation.

    In light of the foregoing objections, NAF will not be producing documents related to this Request.

**Request No. 19**: **All documents concerning any communication related to compensation for Pricing Exceptions to any Regional Manager of NAF.**

    **Response**: NAF objects to Request No. 19 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to changes to Pricing Exceptions that impacted Plaintiff, nor to Plaintiff's compensation.

Subject to and without waiving the foregoing objections, NAF will produce relevant, non-privileged documents relating to Pricing Exceptions relative to Plaintiff's compensation.

**Request No. 20**: **All documents concerning NAF's policies regarding compensation for Pricing Exceptions.**

**Response**: NAF objects to Request No. 20 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case, and is not relevant to the specific issues in dispute in this litigation. NAF further objects to the extent that NAF's Pricing Exception policy is intended as a Regulation Z guidelines policy, is only used for that purpose, and is not intended to dictate compensation.

Subject to and without waiving the foregoing objection, NAF will produce policies relating to Pricing Exceptions during the periods in dispute in this litigation.

**Request No. 21**: **All documents concerning NAF's policies regarding compensation for Marketing Costs.**

**Response**: NAF objects to Request No. 21 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the

11

Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to changes to Marketing Costs that specifically affected Plaintiff's compensation.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents inclusive of any policies governing marketing costs during the period of time relevant to Plaintiff's claims relative to marketing costs.

**Request No. 22**: **All documents concerning NAF's policies reflecting how territories are assigned to Regional Managers.**

**Response**: NAF objects to Request No. 21 to the extent that it, as drafted, seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to how Plaintiff's territories were assigned to her, understanding that Plaintiff had no right to be assigned to any specific territory at any specific time.

Subject to the foregoing objections, NAF notes that, based on a reasonable search to date, there are no responsive documents to this Request.

**Request No. 23**: **All documents concerning any communications related to the territories assigned to Ms. Spearman.**

12

**Response**: NAF objects to Request No. 23 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case since it asks for "[a]ll documents" related to the Southeast Region, and not just the removal of Tennessee and Virginia from said Region.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents relating to the removal of Tennessee and Virginia from the Southeast Region.

**Request No. 24**: **All documents concerning the productivity of territories assigned to Ms. Spearman.**

**Response**: NAF objects to Request No. 24 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the term "productivity" is vague and undefined. In addition, NAF objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as the Request could be construed to seek almost any document that concerns the Southeast Region, and that the productivity of any particular territory is not at issue.

16919654v2

NAF stands by its objections to this Request and will not be producing documents responsive to this Request.

**Request No. 25**: **All documents concerning compensation paid to Ms. Spearman from loans generated by loan officers within her assigned territories.**

**Response**: NAF objects to Request No. 25 to the extent that, as drafted, it conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to changes in the compensation paid to Plaintiff.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents showing the compensation paid to Plaintiff from loans.

**Request No. 26**: **All documents reflecting the profit NAF made on the loans generated by loan officers in Ms. Spearman's territories.**

**Response**: NAF objects to Request No. 26 to the extent it seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is not relevant to the claims or defenses in this action. Specifically, the profit NAF made on any particular loan has no bearing on whether NAF could legally change Plaintiff's compensation or the amount of Plaintiff's compensation.

14

In light of the foregoing objections, NAF will not produce any documents responsive to this Request.

**Request No. 27**: **All documents concerning any communications regarding the written amendment to Schedule 1 of the RMA that altered Ms. Spearman's compensation effective March 1, 2020. See Amended Schedule 1.**

**Response**: NAF objects to Request No. 27 to the extent that it, as conceivably drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is not relevant to the claims or defenses in this action since Plaintiff has not alleged that the March 1, 2020 Amended Schedule 1 breached the agreements or caused Plaintiff to suffer damages.

In light of the foregoing objections, Plaintiff will not produce documents responsive to this Request.

**Request No. 28**: **All documents that reflect any changes to Ms. Spearman's compensation that were made in writing prior to the March 1, 2020 amendment to Schedule 1. See generally Doc. 22, Page 23, Third Defense.**

**Response**: NAF objects to Request No. 28 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents.

**Request No. 29**: **All communications from Christy Bunce to Gina Spearman and/or Kelly Allison from November 6, 2016 to April 13, 2020.**

**Response**: NAF objects to Request No. 29 on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to communications concerning the claims or defenses in this action.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents containing conversations regarding compensation and territory changes.

**Request No. 30**: **All communications from Jon Reed to Gina Spearman and/or Kelly Allison from November 6, 2016 to April 13, 2020.**

**Response**: NAF objects to Request No. 30 on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to communications concerning the claims or defenses in this action.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents containing conversations regarding compensation and territory changes.

**Request No. 31**: **All communications from Jan Preslo to Gina Spearman and/or Kelly Allison from November 6, 2016 to April 13, 2020.**

**Response**: NAF objects to Request No. 31 on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to communications concerning the claims or defenses in this action.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents containing conversations regarding compensation and territory changes.

**Request No. 32**: **All communications from Rick Arvielo to Gina Spearman and/or Kelly Allison from November 6, 2016 to April 13, 2020.**

**Response**: NAF objects to Request No. 32 on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to communications concerning the claims or defenses in this action.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents containing conversations regarding compensation and territory changes.

**Request No. 33**: **All documents concerning NAF's decision to reduce Loan Officer compensation on DPA/Bond loans to 80 bps effective 12/1/2018.**

**Response**: NAF objects to Request No. 33 to the extent that it, as drafted, conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as changes to DPA/Bond loans did not directly affect Plaintiff's compensation, and the reason(s) for NAF decision to make any such changes is not relevant to this dispute.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents.

**Request No. 34**: **All documents concerning two new source codes titled Corporate Generated Lead and Connect Lead that NAF introduced in approximately January-February 2019 that Loan Officers were permitted to use that set Loan Officer Compensation at 70bps and 50bps, respectively.**

**Response**: NAF objects to Request No. 34 to the extent it seeks production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as the two new source codes did not directly affect Plaintiff's compensation.

In addition, based on a reasonable search, NAF could not locate any responsive documents.

18

**Request No. 35**: **Employment contracts for all Regional Managers from January 2016 through March 2020.**

**Response**: NAF objects to Request No. 35 on the basis that it is not relevant to the claims or defenses in this action. Specifically, the employment contracts of other Regional Managers have no bearing on Plaintiff's employment contract and claims pursuant to that contract.

In light of the foregoing objection, NAF will not produce documents responsive to this Request.

**Request No. 36**: **All communications exchanged between NAF's managers in Tennessee and NAF's officers concerning Ms. Spearman and/or Ms. Allison from October 2019 through March 2020.**

**Response**: NAF objects to Request No. 36 to the extent that, as drafted, it conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to communications regarding the decision to remove Tennessee from the Southeast Region.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents relating to discussions regarding the removal of Tennessee from the Southeast Region.

16919654v2

**Request No. 37**: **All communications exchanged between NAF's managers in Virginia and NAF's officers concerning Ms. Spearman and/or Ms. Morrison from October 2019 through March 2020.**

**Response**: NAF objects to Request No. 37 to the extent that, as drafted, it conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to communications regarding the decision to remove Virginia from the Southeast Region.

Subject to and without waiving the foregoing objection, NAF will produce relevant, non-privileged documents relating to discussions regarding the removal of Virginia from the Southeast Region.

**Request No. 38**: **All communications from NAF officers and Regional Managers, including but not limited to Rick Arvielo, Patty Arvielo and Kristin Ankeny to Jason Redman from October 2019 through March 2020.**

**Response**: NAF objects to Request No. 38 to the extent that, as drafted, it conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the

case as it is not limited to communications regarding the claims or defenses in this action.

NAF is willing to confer with Plaintiff regarding how to reasonably limit this request and then produce documents accordingly.

**Request No. 39**: **All communications from NAF officers and Regional Managers, including but not limited to Sam Ellsworth, to Eric Glick from October 2019 through March 2020.**

<u>Response</u>: NAF objects to Request No. 39 to the extent that, as drafted, it conceivably seeks the production of documents protected from disclosure by the attorney-client privilege or the work product doctrine. NAF further objects that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it is not limited to communications regarding the claims or defenses in this action.

NAF is willing to confer with Plaintiff regarding how to reasonably limit this request and then produce documents accordingly.

**Request No. 40**: **All documents concerning the chain of custody of the laptop Ms. Spearman returned to NAF via Federal Express in May, 2020.**

<u>Response</u>: NAF objects to Request No. 40 as not relevant to the claims or defenses in this action. As already explained in communications between counsel,

Ms. Spearman's laptop has remained in a secure location at NAF and has not been accessed or used since Ms. Spearman returned it to NAF in May 2020.

In light of the foregoing objection, NAF will not be producing any documents responsive to this Request.

**Request No. 41**: **A copy of all documents that NAF printed, saved, removed, deleted or in any way imaged from Ms. Spearman's laptop that she returned to NAF in May, 2020.**

**Response**: NAF objects to Request No. 41 as not relevant to the claims or defenses in this action. Further, Ms. Spearman's laptop has remained in a secure location at NAF and has not been accessed or used since Ms. Spearman returned it to NAF in May 2020.

In light of the foregoing objection, there are no documents responsive to this Request.

Respectfully submitted this 13th day of August, 2021

/s/ Henry M. Perlowski
Henry M. Perlowski
Georgia Bar No. 572393
Henry.Perlowski@agg.com
T. Chase Ogletree
Georgia Bar No. 579860
Chase.Ogletree@agg.com

*Counsel for Defendant Broker Solutions, Inc., d/b/a New American Funding*

**ARNALL GOLDEN GREGORY LLP**
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone (404) 873-8684
Facsimile: (404) 873-8685

16919654v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2021, a true and correct copy of the above

and foregoing was served, via electronic mail, on counsel for Plaintiff:

Marybeth V. Gibson
mbgibson@thefinleyfirm.com
Travis C. Hargrove
thargrove@thefinleyfirm.com
N. Nicholas Jackson
njackson@thefinleyfirm.com
THE FINLEY FIRM, P.C.
3535 Piedmont Road Building 14, Suite 230
Atlanta, Georgia 30305
Telephone (404) 320-9979
Facsimile: (404) 320-9978
*Counsel for Plaintiff*

/s/ *Henry M. Perlowski*
Henry M. Perlowski

16919654v2