UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GINA SPEARMAN,

     Plaintiff,

v.

BROKER SOLUTIONS, INC., d/b/a
NEW AMERICAN FUNDING.,

     Defendant.

CIVIL ACTION NO.
1:20-CV-04981-CAP

## O R D E R

This action is before the court on the following motions: the plaintiff's

motion to compel [Doc. No. 41], the defendant's two motions for protective

order [Doc. Nos. 49, 50] and the defendant's motion for leave to file a surreply

in opposition to the motion to compel [Doc. No. 52].  As an initial matter, the

motion for leave to file a surreply [Doc. No. 52] is DENIED because the issues

addressed in the proposed surreply are not determinative of the court's ruling

on the underlying motion to compel.

The defendant is a company that originates residential mortgage loans;

it hired the plaintiff as a Senior Vice-President and Regional Manager for its

Southeast Division in 2016.  Am. Compl. ¶¶ 11, 14 [Doc. No. 9].  The plaintiff

has alleged that in March 2020, terms of her compensation were changed

prompting her to resign.  Am. Compl. ¶¶ 44, 51.  She filed this suit against her former employer asserting claims for breach of contract and unjust enrichment.

## I. Motion to Compel Discovery

The plaintiff seeks an order compelling the defendant to respond to five Interrogatories and twelve Requests for Production [Doc. No. 41].  The defendant opposes the motion [Doc. No. 47], and both parties seek attorneys' fees.

### A. Attorney-Client Privilege and Work Product Doctrine

Because several of the disputes discussed below involve the applicability of attorney-client privilege and the work product doctrine, the court will address the parties' arguments on these issues before discussing each item individually.  The crux of the parties' disagreement is whether certain documents are communications made for the purpose of giving or receiving legal advice as opposed to business advice.  Also at issue is whether certain documents were created in anticipation of litigation.

The defendant points out that the plaintiff brought counsel with her to a meeting with the defendant regarding her contract as early as the fall of 2019.  Thus, it claims that its communications with internal and external counsel regarding the plaintiff from that point forward were for the purpose

of giving and receiving legal advice.  Additionally, the defendant argues that
because the plaintiff brought an attorney with her to the meeting, many
documents prepared after that meeting were in "anticipation of litigation."

The plaintiff on the other hand argues that any advice provided to the
defendant by in-house counsel was business advice that occurred in the
normal course of business.  She further contends that that there could be no
anticipation of litigation before she resigned, and therefore, the work product
doctrine does not apply to documents created prior to her resignation.  She
claims that the attorney who accompanied her to the meeting in 2019 is a
business and tax lawyer.

### 1. Anticipation of Litigation

"The concept of "'in anticipation of litigation' contains within it two
related, but nonetheless distinct, concepts. One is temporal. The other is
motivational." *United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F.
Supp. 3d 1319, 1324 (N.D. Ga. 2015) (quoting Edna Selan Epstein, <u>The</u>
<u>Attorney–Client Privilege and the Work–Product Doctrine</u> 836 (5th ed.
2007)).  In this case, the defendant easily satisfies the temporal requirement
because the documents at issue were prepared before or during this
litigation.  *Id.* (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D.
467, 484–85 (E.D. Pa.2005)) ("a document's date of creation is an important

part of the analysis as to whether it was prepared for anticipated or ongoing litigation.") However, "[t]he temporal element, standing alone . . . is not sufficient. The document or material must also have been prepared for litigation and not for some other purpose." Epstein at 837; *see also United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (documents must be prepared "because of" litigation to be entitled to protection); *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 621 (S.D. Fl. 2013) (describing "causation" component of work product test). Under this element, the court must determine why the documents were created in order to assess the applicability of the work product doctrine. *See Fojtasek v. NCL Ltd.*, 262 F.R.D. 650, 654 (S.D. Fl. 2009).

In this case, the defendant has failed to establish (or even address) why the documents it claims are work product were prepared. The defendant merely repeats the fact that the plaintiff brought an attorney to a Fall 2019 meeting about compensation and potential contract amendments.

## 2. Legal Advice

The plaintiff is correct that for the attorney-client privilege to apply, the defendant must "show that the primary purpose of the communication in question was for the purpose of obtaining legal advice, not business advice." *Colardo-Keen v. Rockdale Cty., Georgia*, No. 1:14-CV-489-MHC, 2017 WL

4

4418669, at *2 (N.D. Ga. Mar. 24, 2017).  However, the plaintiff's conclusory

assertion that because communications occurred before she resigned or were

with internal counsel establishes that they were for the purpose of business

advice only is unsupported by authority.

### B. Interrogatories

#### 1. Number 7

Interrogatory number 7 states, "Describe with specificity why NAF[1]

amended Schedule 1 to the Regional Manager Agreement effective March 1,

2020 and who participated in the decision to amend Schedule 1."  Pl.'s M. to

Compel at 6 [Doc. No. 41].  The defendant objected on relevancy grounds as

well as attorney-client privilege and work product doctrine.  *Id.* at 7.  In the

motion to compel, the plaintiff challenges only the relevancy objection.  *Id.*

In response to the motion to compel, the defendant contends that why

NAF amended Schedule 1 effective March 1, 2020 (and who participated in

that decision) is irrelevant.  Def.'s Resp. to M. to Compel at 11 [Doc. No. 47].

The court disagrees.  Given that the plaintiff has alleged that the defendant

failed to pay her certain Override Bonuses pursuant to her initial contract

and the Schedule 1 Amendment was allegedly the first written change to

---

[1] NAF is the defendant in this case.

alter the obligation to pay those certain Override Bonuses, the plaintiff is entitled to inquire as to why the change occurred and who made the decision to do so.

Accordingly, the plaintiff's motion to compel a response to Interrogatory number 7 is GRANTED to the extent it pertains to non-privileged information.

### 2. Number 8

Interrogatory number 8 states: "Describe with specificity why NAF eliminated 'Override Bonuses' from its March 1, 2020 Amendment to Schedule 1 to the Regional Manager Agreement and who participated in that decision." Pl.'s M. to Compel at 7 [Doc. No. 41]. The defendant objected on relevancy grounds as well as attorney-client privilege and work product doctrine. *Id.* at 8.

With respect to the defendant's relevancy argument, it contends that the plaintiff has not alleged that it breached the Amended Schedule 1 or that she has suffered damages related to the Amended Schedule 1. The plaintiff contends that this interrogatory seeks information that may lead to the discovery of information demonstrating that NAF never intended to pay the plaintiff Override Bonuses. The defendant's intent at the time it contracted with the plaintiff as to paying her Override Bonuses is relevant, particularly

in light of the plaintiff's motion to amend her complaint to assert two fraud claims.  Nevertheless, the court does not agree with the plaintiff's logic that discovery about the decision to alter the bonus payment structure in March 2020 may lead to information as to that intent.

Accordingly, the motion to compel a response to Interrogatory number 8 is DENIED.

### 3. Number 10

Interrogatory number 10 states, "Describe with specificity who was involved in implementing NAF's policy related to introduction of two (2) new source codes that incentivize a Loan Officer to charge higher rates to customers in order to earn higher bps." *Id.* at 9.  The defendant objects on relevancy grounds.  *Id.*

In the motion to compel, the plaintiff argues that the implementation of the new source codes is relevant because she raised concerns over the legality of using the source codes.  *Id.*  However, as the defendant points out, there are no allegations of retaliation against the plaintiff in the complaint (nor in the proposed amended complaint).

Accordingly, the motion to compel a response to Interrogatory number 10 is DENIED.

### 4. Number 12

Interrogatory number 12 states: "Describe in detail NAF's practice and policies relating to the payment of marketing costs from 2012 to November 2016 to Regional Managers in NAF's divisions prior to the development of the Southeastern Region for which NAF hired Ms. Spearman." *Id.* at 10. The defendant objected on relevancy grounds; and to the extent that the interrogatory seeks information about practices and policies that predate the plaintiff's employment, the defendant contends the interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case. *Id.*

In the motion to compel, the plaintiff states she modified this interrogatory to limit it to the time in which she was employed but claims the defendant still refused to respond. *Id.* In response to the motion to compel, the defendant correctly points out that the modification to the time of the plaintiff's employment results in a duplication of Interrogatory number 13, which it responded to with no objection by the plaintiff. *See* Def.'s Responses and Objections to Pl.'s First Interrogs. At 10 [Doc. No. 41-1]. In her reply brief [Doc. No. 51], the plaintiff offers no further argument with respect to Interrogatory number 12.

Accordingly, the motion to compel a response to Interrogatory number 12 is DENIED.

### 5. Number 18

In Interrogatory number 18, the plaintiff asked the defendant to "[d]escribe with specificity the $30 million shortfall NAF sustained that was discussed at the February 2019 meeting."  Pl.'s M to Compel at 11 [Doc. No. 41].  The defendant objected on relevancy grounds.  *Id.*

In the motion to compel, the plaintiff argues this information is relevant because it was the alleged financial hardship that resulted in the change in her compensation and the decision to require the plaintiff to absorb marketing costs and pricing exceptions.  *Id.*  In response, the defendant contends the alleged financial hardship did not exist which makes it impossible to respond to the interrogatory.  Def.'s Resp. to M. to Compel at 15 [Doc. No. 47].

The plaintiff has alleged that she (and others at the February 2019 meeting) were told that some type of financial hardship motivated the company to change course with respect to compensation including marketing expenses and pricing exceptions—the basis of the plaintiff's unjust enrichment claims.  Therefore, the alleged claim of financial hardship announced at the February 2019 meeting is relevant.  While the defendant is correct that the "why" of the defendant's decision making on compensation is not directly at issue in the plaintiff's unjust enrichment claims, the court

9

cannot conclude that discovery on this question would not lead to admissible evidence.  Furthermore, even if the defendant contends that there was no financial hardship, it still must answer the interrogatory with regard to what was announced at the February 2019 meeting, who made the decision to so announce, and what communications occurred in relation to the announcement.

Accordingly, the motion to compel a response to Interrogatory number 18 is GRANTED.

### C. Requests to Produce

#### 1. Number 10

Request number 10 asks for "[a]ll written communication amongst NAF's officers and Human Resources employees regarding Plaintiff's compensation, including override bonuses, for the time preceding, during, and after Plaintiff's employment."  Pl.'s M. to Compel at 12 [Doc. No. 41].  The defendant objects to the extent that some responsive documents are protected by the attorney-client privilege and the work product doctrine.  *Id.*  Additionally, the defendant contends that the request is overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to communications during the period of the plaintiff's employment when she contends that she was underpaid regarding certain specific forms of

compensation.  *Id.*  In the motion to compel, the plaintiff challenges only the invocation of the attorney-client privilege and work product doctrine.  *Id.*

The court agrees with the defendant that the request is overbroad.  The failure of the plaintiff to limit this request to documents pertaining to the specific type of compensation she complains that she is owed, *i.e.*, a certain type of Override Bonus, renders the request over-encompassing.  As for the invocation of the attorney-client privilege and work product doctrine, the defendant has failed to carry its burden as discussed above.

Accordingly, the plaintiff's motion to compel a response to Request number 10 is DENIED.  Nevertheless, the plaintiff is granted leave to propound a more limited supplemental request.  In that event, the defendant is not precluded from invoking attorney-client privilege or the work product doctrine; however, before the defendant looks to this court to enforce any claimed privilege, it must be prepared carry its burden to establish applicability.

### 2. Number 14

Request number 14 seeks "[a]ll documents concerning payment of Override Bonuses to Gina Spearman and Kelly Allison from November 16, 2016 through March 1, 2020."  Pl.'s M to Compel at 14 [Doc. No. 41].  The defendant objects to the extent that some responsive documents are protected

by the attorney-client privilege and the work product doctrine. *Id.*
Additionally, the defendant contends that the request is overbroad, unduly
burdensome, and not proportional to the needs of the case because it is not
limited to changes relating to the plaintiff's Override Bonus compensation.
*Id.* In the motion to compel, the plaintiff challenges only the invocation of the
attorney-client privilege and work product doctrine. *Id.*

Despite the failure of the plaintiff to address the overbreadth objection
by the defendant, the court finds the objection has no merit. The plaintiff is
seeking to recover Override Bonuses she contends are due under the terms of
her contract, therefore the limitation urged by the defendant—documents
related to changes in the plaintiff's Override Bonus compensation—is
nonsensical.

As for attorney-client privilege, the court has rejected the plaintiff's
designation of all pre-resignation communications with counsel as "business
advice." Likewise, the court does not agree with the plaintiff that
communication with internal counsel is necessarily "business advice." In
fact, courts in the Eleventh Circuit have routinely held communications
between in-house counsel and other employees to be for purposes of giving or
receiving legal advice. *See Silvester v. Am. Broad. Companies, Inc.*, 839 F.2d
1491, 1499 n.6 (11th Cir. 1988); *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676,

682-83 (N.D. Ga. 2010).  The court has reviewed the defendant's privilege log

and finds no questionable entries.  However, if the plaintiff wishes to assert

challenges to the privilege log on grounds other than what she has presented

here, she may file an appropriate motion.  In response to such motion, the

defendant will have the burden of showing that any claimed privilege applies.

Accordingly, the motion to compel a response to Request number 14 is

GRANTED as to any non-privileged responsive documents.

### 3. Number 15

Request Number 15 seeks "'[a]ll documents and communications

reflecting NAF's internal discussions relating to Ms. Spearman's employment

agreements from June 2016 through the present."  Pl.'s M. to Compel at 14

[Doc. No. 41].  The defendant objects to the extent that some responsive

documents are protected by the attorney-client privilege and the work

product doctrine.  *Id.* at 15.  Additionally, the defendant contends that the

request is overbroad, unduly burdensome, and not proportional to the needs

of the case because it is not limited to the employment agreement terms

relevant to this case, or time periods relevant to this case, specifically, those

periods during which the plaintiff contends she was underpaid.  *Id.*  Despite

this objection, the defendant states in response to the motion to compel that

it has produced non-privileged documents responsive to this request.  Def.'s

Resp. to M. to Compel at 17 [Doc. No. 47].  Thus, the only dispute regarding Request number 15 is whether attorney-client privilege and work product doctrine apply.

As set forth above, the court has reviewed the privilege log and finds no facial issue.  Moreover, it is certainly conceivable that documents responsive to Request number 15 could be covered by the attorney-client privilege. Given the lack of authority for the plaintiff's position that the defendant sought only "business advice" before her resignation and her incorrect assertion that communication with in-house counsel is always for purpose of business, not legal, advice, the motion to compel a response to Request number 15 is DENIED.  However, if the plaintiff wishes to assert challenges to the privilege log on grounds other than what she has presented here, she may file an appropriate motion.  In response to such motion, the defendant will have the burden of showing that any claimed privilege applies.

### 4. Number 16

Request number 16 seeks "[a]ll documents reflecting NAF's practice of paying 7.5 bps for Marketing Expenses.  Pl.'s M to Compel at 16 [Doc. No. 41].  The defendant objects to the extent that some responsive documents are protected by the attorney-client privilege and the work product doctrine.  *Id.* Additionally, the defendant contends that the request is overbroad, unduly

burdensome, and not proportional to the needs of the case because it is not
limited to changes in marketing costs, nor to payments to the plaintiff. *Id.* In
the motion to compel, the plaintiff challenges only the withholding of one
non-privileged document on the grounds that it concerns NAF's marketing
policy after the plaintiff left NAF. *Id.*

In response to the motion to compel, the defendant indicates that it has
now produced the document at issue. Def.'s Resp. to the M. to Compel at 17
[Doc. No. 47]. The plaintiff does not address this request in her reply brief
[Doc. No. 51]. Therefore, the court finds the motion to compel a response to
Request number 16 to be moot.

### 5. Number 17

Request number 17 seeks "[a]ll documents concerning any
communications related to the February 2019 Leadership meeting that
resulted in NAF no longer paying Marketing Expenses, including internal
emails amongst NAF officers that in any way reflect the February 2019
Leadership meeting whether prepared before, during, or after said meeting."
Pl.'s M to Compel at 17 [Doc. No. 41]. The defendant objects to the extent
that some responsive documents are protected by the attorney-client privilege
and the work product doctrine. *Id.* Additionally, the defendant contends that
the request is overbroad, unduly burdensome, and not proportional to the

15

needs of the case.  *Id.*  In the motion to compel, the plaintiff argues that the defendant is improperly restricting the plaintiff's request and that the delay of discovery is prejudicing her case.  *Id.*

In response to the motion to compel, the defendant argues that the plaintiff has not fulfilled her meet and confer obligations with respect to this request.  Def.'s Resp. to M. to Compel at 18 [Doc. No. 47].  The plaintiff does not mention Request number 17 in her reply brief [Doc. No. 51] but does assert that she and her counsel have complied with all Local Rules and the Federal Rules of Civil Procedure.

The plaintiff is correct that not every single matter that is raised in a motion to compel must be addressed in writing between the parties.  Rather, Rule 37 provides that the filer of a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  The plaintiff has done so here.  However, the entirety of the plaintiff's argument in her motion to compel as to Request to Produce is that "NAF's attempt to improperly restrict Plaintiff's request should be rejected.  NAF's delay of discovery is prejudicing Plaintiff's case."  Pl.'s M to Compel at 18 [Doc. No. 41].  This generalized argument is insufficient for the court to understand the

need for such a broad request.  Moreover, the defendant has represented that

it has "already produced documents relating to the February/March 2019

Leadership meeting and the related change to pricing exceptions and

marketing costs.  NAF is not withholding any non-privileged documents

regarding this meeting."  Def.'s Resp. to the M to Compel at 18 [Doc. No. 47].

As set forth above, the plaintiff does not address this argument in her reply

brief [Doc. No. 51].  Accordingly, the motion to compel a response to Request

number 17 is DENIED.

### 6. Number 18

In Request number 18, the plaintiff seeks "[a]ll documents concerning

the misallocation of thirty million dollars NAF Officers reported at the

February 2019 Leadership meeting."  Pl.'s M to Compel at 18 [Doc. No. 41].

The defendant objects to the extent that some responsive documents are

protected by the attorney-client privilege and the work product doctrine.  *Id.*

Additionally, the defendant contends that the request is not relevant to any

claims or defenses because the reasons NAF changed compensation in

February 2019 have no bearing on the plaintiff's entitlement to any such

compensation.  *Id.*  In the motion to compel, the plaintiff argues that she is

entitled to know whether the representation regarding the misallocation was

true when it was made because it goes to NAF's intent of paying the plaintiff per the employment agreements.  *Id.*

In response to the motion to compel, the defendant simply asserts that "[t]here was no $30 million misallocation reported, and NAF cannot produce documents that do not exist."  Def.'s Resp. to the M to Compel at 19 [Doc. No. 47].  In the reply brief [Doc. No. 51], the plaintiff points out that during the good faith discussions between counsel, the $30 million "misallocation" was described as a "shortfall."  Regardless of the terminology, the allegations of the plaintiff's complaint are that NAF officers discussed a financial reason for a change in compensation during the February 2019 Leadership meeting. The plaintiff's unjust enrichment claim is predicated on this allegation. Therefore, the defendant must produce all non-privileged documents that relate to what NAF officers stated at the February 2019 Leadership meeting in relation to why compensation changes were taking place.  If there are no such documents, counsel for the defendant shall so certify.  Accordingly, the motion to compel a response to Request number 18 is GRANTED.

### 7. Number 26

In Request number 26, the plaintiff seeks "[a]ll documents reflecting the profit NAF made on the loans generated by loan officers in Ms. Spearman's territories.  Pl.'s M. to Compel at 19 [Doc. No. 41].  The defendant

18

objects to the extent that some responsive documents are protected by the
attorney-client privilege and the work product doctrine. *Id.* Additionally, the
defendant contends that the request is not relevant to the claims or defenses
in this action because the profit NAF made has no bearing on whether it
could change the plaintiff's compensation or the amount of the plaintiff's
compensation. *Id.* at 20. In the motion to compel, the plaintiff argues that
the information sought could be used by a jury to determine the amount of
her damages and the extent of the alleged malfeasance of NAF's officers. *Id.*

In response to the motion to compel, the defendant states that it does
not maintain loan-specific profit and loss ("P&L") statements and has already
provided the plaintiff with data showing every loan made in the plaintiff's
region from November 2016 through April 2020. Def.'s Resp. to M. to Compel
at 19 [Doc. No. 47]. Additionally, the defendant offers to provide the plaintiff
with any regional P&L information actually created in the ordinary course of
business. The plaintiff does not address the defendant's response in her reply
brief [Doc. No. 51]. The court finds no basis to require the defendant to distill
the P&L resulting from every single loan in the plaintiff's region for a three-
and-a-half-year period. However, to the extent that the defendant is in
possession of P&L statements from the plaintiff's region for the applicable

time period, it should produce those to the plaintiff.  Otherwise, the motion to compel a response to Request number 26 is DENIED.

### 8. Number 27

In Request number 27, the plaintiff seeks "[a]ll documents concerning communications regarding the written amendment to Schedule 1 of the RMA that altered Ms. Spearman's compensation effective March 1, 2020."  Pl.'s M to Compel at 20 [Doc. No. 41].  The defendant objects to the extent that some responsive documents are protected by the attorney-client privilege and the work product doctrine.  *Id.*  Additionally, the defendant contends that the request is not relevant to the claims or defenses in this action because the plaintiff has not alleged that the March 1, 2020 Amended Schedule 1 breached the agreements or caused her to suffer damages.  *Id.*  In the motion to compel, the plaintiff argues that this request goes to NAF's intent regarding the payment of Override Bonuses.  *Id.* at 21

In response to the motion to compel, the defendant states that it has produced all non-privileged documents concerning the March 2020 Amendment.  Def.'s Resp. to the M. to Compel at 20 [Doc. No. 47].  The plaintiff does not specifically address Request number 27 in her reply brief [Doc. No. 51].

It appears to the court that the only dispute as to Request number 27 is whether the defendant has properly designated responsive documents as privileged.  As set forth above, the court has reviewed the privilege log and finds no questionable entries.  Moreover, it is without doubt that documents responsive to Request number 27 could be covered by the attorney-client privilege.  Given the lack of authority for the plaintiff's position that the defendant sought only "business advice" before her resignation and her incorrect assertion that communication with in-house counsel is always for purposes of business, not legal, advice, the motion to compel a response to Request number 27 is DENIED.  However, if the plaintiff wishes to assert challenges to the privilege log on grounds other than what she has presented here, she may file an appropriate motion.  In response to such motion, the defendant will have the burden of showing that any claimed privilege applies.

### 9. Number 35

In Request number 35, the plaintiff seeks "[e]mployment contracts for all Regional Managers from January 2016 through March 2020." Pl.'s M. to Compel at 22 [Doc. No. 41].  The defendant objects on relevancy grounds, asserting that employment contracts of other Regional Managers have no bearing on the plaintiff's employment contract and claims she has asserted in relation to it.  *Id.*  In the motion to compel, the plaintiff argues that NAF's

practice and procedure of paying other Regional Managers pursuant to the terms of its contracts is relevant to the claims she has raised in this case. *Id.*

In response to the motion to compel, the defendant points out that this case is not one where comparator evidence is needed (such as a discrimination case). Def.'s Resp. to M. to Compel at 21 [Doc. No. 47]. The defendant further asserts that the agreements with its other Regional Managers are confidential as to those employees. *Id.* The plaintiff does not specifically address this request in her reply brief [Doc. No. 51].

The court finds that the plaintiff has not shown any relevance as to what terms were contained in her co-worker's agreements with the defendant. Therefore, the motion to compel a response to Request number 35 is DENIED.

### 10. Numbers 38 and 39

In Request numbers 38 and 39, the plaintiff seeks "[a]ll communications from NAF officers and Regional Managers" to Jason Redman and Eric Glick from October 2019 through March 2020. Pl.'s M. to Compel at 23 [Doc. No. 41]. The defendant objects to both requests to the extent that some responsive documents are protected by the attorney-client privilege and the work product doctrine. *Id.* Additionally, the defendant contends that the requests are overbroad, unduly burdensome, and not proportional to the

needs of this case because they are not limited to communications regarding the claims and defenses in this action.  *Id.*  In the motion to compel, the plaintiff argues that the requests are narrow in time and scope and pertain to significant issues.  *Id.*

In response to the motion to compel, the defendant states that it has not withheld any non-privileged documents in response to Request numbers 38 and 39.  Def.'s Resp. to M. to Compel at 22 [Doc. No. 47].  The plaintiff does not specifically address Request numbers 38 and 39 in her reply brief [Doc. No. 51].

It appears to the court that the only dispute as to Request numbers 38 and 39 is whether the defendant has properly designated responsive documents as privileged.  However, there are no entries on the defendant's privilege log from or to Redman or Glick.  Therefore, the plaintiff's motion to compel a response to Request numbers 38 and 39 is GRANTED.

### 11. Number 40

In Request number 40, the plaintiff seeks, "[a]ll documents concerning the chain of custody of the laptop Ms. Spearman returned to NAF via Federal Express in May, 2020."  Pl.'s M. to Compel at 24 [Doc. No. 41].  The defendant objects on relevance grounds and indicates that it has been explained in communications between counsel that the laptop has remained in a secure

location at NAF and has not been accessed or used since the plaintiff returned it in May 2020.  *Id.*  In the motion to compel, the plaintiff argues that possible spoliation of evidence on the laptop is at issue, and therefore, documents establishing the chain of custody of the computer are relevant.  *Id.*

In response to the motion to compel, the defendant states that no documents on the chain of custody of the laptop exist.  Def.'s Resp. to M. to Compel at 23 [Doc. No. 47].  The plaintiff does not specifically address Request number 40 in her reply brief [Doc. No. 51].

Because the defendant has represented that there are no chain of custody documents pertaining to the laptop, there is nothing for this court to compel.  Accordingly, the motion to compel response to Request number 40 is MOOT.

### D. Attorneys' Fees

Both parties have moved for attorneys' fees in relation to this discovery dispute.  However, as the rulings set forth above illustrate, both parties have contributed to the impasse that occurred in relation to written discovery.  Accordingly, neither party will be awarded attorneys' fees.

## II. Motions for Protective Orders [Doc. Nos. 49, 50]

### A. Deposition of Patricia Arvielo

The defendant seeks a protective order as to the noticed deposition of its President, Patricia Arvielo [Doc. No. 49].  The defendant argues that requiring Mrs. Arvielo's deposition is an undue burden and that Mrs. Arvielo has no unique and personal knowledge related to the case.  In response, the plaintiff argues that Mrs. Arvielo was intimately involved in the compensation dispute that is basis of her claims.

Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Fed.R.Civ.P. 26(b)(1).  Rule 26, however, also protects those from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).  The party moving for a protective order must show that "good cause" exists for the court to grant such an order.  *Id.*  In addition to finding good cause, the court must also be satisfied that, on balance, the interests of the party moving for the protective order outweigh the interests of the non-moving party.  *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989).

Pursuant to the limitations of Rule 26, "[c]ourts generally restrict the deposition of high-ranking executives unless the party seeking to depose the

executive establishes: (1) the executive has 'unique, non-repetitive, firsthand knowledge of the facts at issue;' and (2) 'other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success.'" *Hayes Healthcare Servs., LLC v. Meacham*, No. 19-60113-CIV, 2019 WL 7708240, at *1 (S.D. Fla. July 1, 2019) (quoting *Hickey v. N. Broward Hosp. Dist.*, No. 14-CV-60542, 2014 WL 7495780, at *2 (S.D. Fla. Dec. 17, 2014) and citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (granting protective order barring deposition of company president because he lacked direct knowledge of facts and other employees had more direct knowledge)).  The apex doctrine requires the plaintiff to show that the executive she seeks to depose has "unique or superior knowledge of discoverable information" that cannot be obtained by other means.  *Cuyler v. Kroger Co.*, No. 1:14-CV-1287-WBH-AJB, 2014 WL 12547267, at *6 (N.D. Ga. Oct. 3, 2014), report and recommendation adopted by No. 1:14-CV-1287-RWS, 2015 WL 12621041 (N.D. Ga. Jan. 8, 2015).

Applying these principles to the present dispute, the court concludes the plaintiff has failed to establish that Mrs. Arvielo possesses unique information that cannot be obtained through less intrusive means.  Instead, the plaintiff attempts to argue that Mrs. Arvielo is not an apex witness because the company is "a family business."  Unsurprisingly, the plaintiff

cites no authority supporting such a distinction.  Additionally, the plaintiff contends that Mrs. Arvielo was directly involved in making compensation decisions that form the basis of the breach of contract and unjust enrichment claims.  However, the plaintiff has failed to establish that deposing Mrs. Arvielo is the sole means of obtaining the information sought. The court notes that there are other tools available for the plaintiff to seek information regarding Mrs. Arvielo's insight into the compensation decisions, such as written discovery and depositions of other individuals who appear to possess equal if not more knowledge than Mrs. Arvielo as to the plaintiff's compensation and the defendant's decisions to alter it.

Based on the foregoing, the motion for protective order [Doc. No. 49] is GRANTED.

### B. Rule 30(b)(6) Topics

Rule 30(b)(6) of the Federal Rules of Civil Procedure governs deposition notices directed at organizations.  Under this Rule, the notice "must describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  In response, the organization is required to designate one or more persons to testify on its behalf.  *Id.*  The organization bears the burden of designating a representative with knowledge of the matters noticed, *see Goodyear Tire & Rubber Co. v. Great Southwest Express Co., Inc.*, No. 2:04-

27

CV-69-WC, 2006 WL 587600, at *2 (N.D. Ga. Mar. 10, 2006), and "must

prepare the designee to the extent matters are reasonably available, whether

from documents, past employees, or other sources." *Cont'l Cas. Co. v. First

Fin. Employee Leasing, Inc.*, 716 F. Supp.2d 1176, 1189 (M.D. Fla. 2010)

(citations omitted).  If the designated witness is not knowledgeable about

relevant facts, and the organization "fail[s] to designate an available,

knowledgeable and readily identifiable witness, then the appearance is, for

all practical purposes, no appearance at all." *Goodyear Tire & Rubber Co.*,

2006 WL 587600, at *2 (citations omitted).

In the motion for protective order, the defendant has challenged some

aspect of five noticed topics.  In response, the plaintiff argues that she is

entitled to inquire of the Rule 30(b)(6) witness as to each of the challenged

topics.  Each topic in dispute is addressed below.

### 1. Topic Number 6

In Topic number 6, the plaintiff seeks information regarding "NAF's

payment of bonuses to employees in accordance with contractual agreements

and whether other employees with contractual agreements to pay bonuses

were never paid any such bonuses and the factors considered by NAF in

determining why to never pay such bonuses." Notice at 4 [Doc. No. 50-3].  The

defendant argues that preparing a witness to testify on this topic is

oppressive, unduly burdensome, unreasonably expensive, and disproportionate to the nature of the case.  In response, the plaintiff significantly narrows the topic to address only override bonuses paid (or not paid) to the six Regional Managers (the plaintiff herself and five others).  In reply, the defendant continues to argue that the topic—even narrowed to six employees—is overly broad.

The court finds that the defendant's practices related to the payment or non-payment of Override Bonuses to Regional Managers during the dates of the plaintiff's employment is a sufficiently narrow Rule 30(b)(6) topic.  While the defendant contends that contractual terms between itself and other employees is irrelevant to the plaintiff's breach of contract claim, the court notes that the plaintiff has moved to amend the complaint to add two fraud claims [Doc. No. 59].  Accordingly, the defendant's Rule 30(b)(6) witness shall be prepared to address Topic number 6 as modified by this order.

### 2. Topic Number 12

In Topic number 12, the plaintiff seeks information regarding "documents and materials reviewed or relied upon by NAF in deciding whether to alter Ms. Spearman's compensation."  Notice at 4 [Doc. No. 50-3].  The defendant argues that this topic seeks information protected by the attorney-client privilege and work product doctrine.  The defendant indicates

that it has included the documents it claims are privileged on the privilege log provided to the plaintiff.  In response, the plaintiff contends that the information sought is not privileged.

Essentially, this dispute is about the nature of the advice received by the defendant related to the amendment of Schedule 1 of the plaintiff's employment agreement.  The defendant couches the advice as legal in nature while the plaintiff contends it is actually business advice.  As the court discussed in addressing the plaintiff's motion to compel, the plaintiff's reasoning for why the advice is business rather than legal is flawed.  However, there are likely documents that are covered by this topic that are not protected by the attorney-client privilege or work product doctrine.  Therefore, the court will not preclude the plaintiff from inquiring about this topic.  The defendant shall assert the privilege at the appropriate time during the deposition.

### 3. Topic Numbers 17 and 18

In Topic numbers 17 and 18, the plaintiff seeks information regarding the nature and scope of NAF's practice of reimbursing marketing expenses and pricing exceptions.  Notice at 5 [Doc. No. 50-3].  The defendant argues that these topics should be limited to the time of the plaintiff's employment.  In response, the plaintiff—while stating there should be no modification of

the topic—appears to concede that she is seeking the information covered by Topic numbers 17 and 18 for the three and one-half years she was employed with NAF only.  Accordingly, the court finds that the parties have agreed to a modification of Topic numbers 17 and 18 in order to limit it to the dates of the plaintiff's employment, which renders the motion for protective order at to these topics MOOT.

### 4. Topic Number 21

In Topic number 21, the plaintiff is seeking information regarding "[t]he marketing expenses incurred by NAF (or by the new persons who were responsible) for Tennessee and Virginia for the time-period one-year after said territory was removed from Ms. Spearman." Notice at 5 [Doc. No. 50-3]. The defendant argues that this topic is not relevant to any claims or defenses in this action because it does not pertain to the plaintiff's compensation at all. In response, the plaintiff contends that this topic is relevant because she is entitled to ask the defendant if it paid Regional Managers marketing expenses they incurred after the plaintiff was removed from the Virginia and Tennessee territories, and if so, why the other manager were paid but she was not.

The court can find no relevance in whether the marketing expenses of managers who replaced the plaintiff over Virginia and Tennessee were paid

by NAF or by the managers themselves.  Therefore, the defendant's Rule 30(b)(6) witness is not required to address Topic number 21 at all.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

## III. Conclusion

The plaintiff's motion to compel [Doc. No. 41] is GRANTED 'as follows: the defendant shall respond to Interrogatories 7 and 18 and Requests for Production of Documents 14, 18, 38, and 39 as described above within 21 days of the date of this order; Requests for Production of Documents 16 and 40 are MOOT; and the motion compel is otherwise DENIED.

Neither party shall be awarded attorneys' fees in relation to the motion to compel.

The defendant's motion for a protective order regarding the deposition of Patricia Arvielo [Doc. No. 49] is GRANTED.

The defendant's motion for protective order regarding Rule 30(b)(6) topics [Doc. No. 50] is GRANTED IN PART AND DENIED IN PART as follows: the motion is GRANTED with respect to Topic number 6; the motion is MOOT as to Topic numbers 17 and 18; and the motion is otherwise DENIED.

The defendant's motion for leave to file a surreply [Doc. No. 52] is DENIED.

**SO ORDERED** this 7th day of January, 2022.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge

33