# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GINA SPEARMAN, | ) | |
| *Plaintiff,* | ) ) | Civil Action No. 1:20-cv-04981-CAP |
| v. | ) ) | |
| BROKER SOLUTIONS, INC. d/b/a | ) | |
| NEW AMERICAN FUNDING, | ) | |
| *Defendant.* | ) ) | |

## DEFENDANT BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Broker Solutions, Inc. d/b/a New American Funding ("NAF" or "Defendant") submits the following Answer and Affirmative Defenses to the Second Amended Complaint (the "SAC") filed by Plaintiff Gina Spearman ("Plaintiff") [Doc. 76], showing as follows:

## ANSWER

Responding to the individually enumerated paragraphs of the SAC, NAF responds as follows:

1.     NAF is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the SAC. Accordingly, said allegations stand denied.

2.      NAF admits the allegations in the first sentence of paragraph 2 of the SAC. NAF denies the remaining allegations in paragraph 2 of the SAC.

3.      NAF admits the allegations in paragraph 3 of the SAC.

4.      NAF admits the allegations in paragraph 4 of the SAC.

5.      NAF admits the allegations in paragraph 5 of the SAC.

6.      NAF denies the allegation in paragraph 6 of the SAC as stated, as the Consent Motion [Doc. 5] allowed "for Plaintiff to respond to Defendant's Motion to Dismiss [R. 4] until January 13, 2021." NAF admits the remaining allegations in paragraph 6 of the SAC.

7.      Paragraph 7 of the SAC contains no allegations of fact against NAF to which a response is required. To the extent a response is required, NAF admits the allegations in paragraph 7 of the SAC.

8.      Responding to the allegations of paragraph 8 of the SAC, NAF admits that this Court has personal jurisdiction over NAF.

9.      Responding to the allegations of paragraph 9 of the SAC, NAF admits that this Court has subject matter jurisdiction over this action.

10.     NAF denies the allegations of paragraph 10 of the SAC, but admits only that venue is proper in this Court.

11.     NAF admits the allegations in paragraph 11 of the SAC.

12.     NAF denies the allegations of paragraph 12 of the SAC as stated.

13.     NAF admits that Plaintiff was hired to work in the Southeastern region and expand NAF's presence there. NAF denies the remaining allegations of paragraph 13 of the SAC as stated.

14.     Responding to the allegations of paragraph 14 of the SAC, NAF admits only that it hired Plaintiff as a Senior Vice-President and Regional Manager for the Southeast Division. NAF denies the remaining allegations of paragraph 14 of the SAC as stated.

15.     NAF states that the Offer Letter referenced in paragraph 15 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied. Responding to the remaining allegations of paragraph 15 of the SAC, NAF admits only that it hired Plaintiff based on her representations of her experience and expertise. NAF denies the remaining allegations in paragraph 15 of the SAC.

16.     NAF admits the allegations of paragraph 16 of the SAC.

17.     NAF denies the allegations in paragraph 17 of the SAC as stated, admitting only that Plaintiff's job duties included successfully managing the geographical territories assigned to her from time-to-time.

2
17864901v1

18.    NAF admits the allegations in paragraph 18 of the SAC.

19.    NAF states that the Offer Letter referenced in paragraph 19 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied. Responding further to the allegations of paragraph 19 of the SAC, NAF admits that Plaintiff signed the Offer Letter.

20.    Responding to the allegations of paragraph 20 of the SAC, NAF admits that it signed the Offer Letter.

21.    NAF states that the Offer Letter referenced in paragraph 21 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

22.    NAF states that the Offer Letter referenced in paragraph 22 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

23.    NAF states that the Offer Letter referenced in paragraph 23 of the SAC is a document that speaks for itself, and that any allegations contained in this

paragraph that are not consistent with the plain language contained in such document are denied.

24.    NAF states that the Offer Letter referenced in paragraph 24 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

25.    NAF states that the Offer Letter referenced in paragraph 25 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

26.    NAF states that the Offer Letter referenced in paragraph 26 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

27.    NAF states that the Offer Letter referenced in paragraph 27 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

28.     Responding to the allegations of paragraph 28 of the SAC, NAF admits that both it and Plaintiff signed the Offer Letter.

29.     Responding to the allegations of paragraph 29 of the SAC, NAF admits only that the Regional Manager Agreement and Schedule 1 thereto were referenced in the Offer Letter. NAF denies the remaining allegations of paragraph 29 of the SAC as stated.

30.     Responding to the allegations of paragraph 30 of the SAC, NAF admits only that Plaintiff executed the Regional Manager Agreement on or about November 6, 2016. NAF denies the remaining allegations of paragraph 30 of the SAC.

31.     NAF states that the Regional Manager Agreement and its attached Schedule 1 referenced in paragraph 31 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

32.     NAF states that the Regional Manager Agreement referenced in paragraph 32 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

2
17864901v1

33.     NAF states that the Regional Manager Agreement referenced in paragraph 33 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

34.     NAF states that the Regional Manager Agreement referenced in paragraph 34 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied. Responding further to the allegations of paragraph 34 of the SAC, NAF expressly denies that Section 5.2 of the Regional Manager Agreement conflicts with the Offer Letter.

35.     NAF states that the Regional Manager Agreement referenced in paragraph 35 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

36.     NAF states that the Schedule 1 referenced in paragraph 36 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

2
17864901v1

37.     NAF states that the Schedule 1 referenced in paragraph 37 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

38.     NAF states that the Schedule 1 referenced in paragraph 38 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied. NAF denies any remaining allegations in paragraph 38 of the SAC.

39.     NAF states that the Schedule 1 referenced in paragraph 39 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied. NAF denies any remaining allegations in paragraph 39 of the SAC.

40.     NAF states that the Schedule 1 referenced in paragraph 40 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied. NAF denies any remaining allegations in paragraph 40 of the SAC.

41.     NAF denies the allegations of paragraph 41 of the SAC as stated. Responding further, NAF admits only that Mr. Fellows, a branch manager for NAF, testified that he was paid override bonuses on loans during the monetary guaranty period for a period of time under his specific employment agreement.

42.     NAF denies the allegations in paragraph 42 of the SAC.

43.     NAF states that the Schedule 1 referenced in paragraph 43 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

44.     NAF states that the Schedule 1 referenced in paragraph 44 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied. NAF denies any remaining allegations in paragraph 44 of the SAC.

45.     NAF states that the Schedule 1 referenced in paragraph 45 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

2
17864901v1

46.     NAF denies the allegations of paragraph 46 of the SAC as stated. Responding further to these allegations, NAF admits only that it presented Plaintiff with an amended agreement in March 2020.

47.     NAF denies the allegations of paragraph 47 of the SAC as stated. Responding further to these allegations, NAF admits only that the Amended Schedule 1 amended Plaintiff's then-existing compensation.

48.     NAF states that the Amended Schedule 1 referenced in paragraph 48 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

49.     NAF states that the Amended Schedule 1 referenced in paragraph 49 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied. Responding further to these allegations, NAF admits only that the Amended Schedule 1 amended Plaintiff's then-existing compensation.

50.     NAF states that the Amended Schedule 1 referenced in paragraph 50 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

2
17864901v1

51.     NAF states that the Amended Schedule 1 referenced in paragraph 51 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

52.     NAF states that the Amended Schedule 1 referenced in paragraph 52 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

53.     NAF admits the allegations in paragraph 53 of the SAC.

54.     NAF denies the allegations of paragraph 54 of the SAC.

55.     NAF states that the Schedule 1 referenced in paragraph 55 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

56.     NAF denies the allegations of paragraph 56 of the SAC.

57.     NAF states that the Offer Letter referenced in paragraph 57 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such

document are denied. NAF denies any remaining allegations in paragraph 57 of the SAC.

58.     NAF further states that the Schedule 1 referenced in paragraph 58 of the SAC is a document that speaks for itself, and that any allegations contained in this paragraph that are not consistent with the plain language contained in such document are denied.

59.     NAF denies the allegations in paragraph 59 of the SAC.

60.     NAF admits that Plaintiff complained about her compensation, but denies the remaining allegations in paragraph 60 of the SAC as stated.

61.     NAF denies the allegations in paragraph 61 of the SAC.

62.     NAF denies the allegations in paragraph 62 of the SAC as stated.

63.     NAF denies the allegations in paragraph 63 of the SAC as stated.

64.     NAF denies the allegations in paragraph 64 of the SAC as stated.

65.     NAF denies the allegations in paragraph 65 of the SAC as stated.

66.     NAF denies the allegations in paragraph 66 of the SAC as stated.

67.     NAF denies the allegations in paragraph 67 of the SAC as stated, including, without limitation, any implication that it had to present a written agreement to modify aspects of Plaintiff's compensation. Responding further to

these allegations, NAF admits only that it did not present a formal amendment to Schedule 1 to Plaintiff prior to March 1, 2020.

68.     NAF denies the allegations in paragraph 68 of the SAC as stated.

69.     NAF denies the allegations of paragraph 69 of the SAC as stated.

70.     NAF denies the allegations in paragraph 70 of the SAC.

71.     NAF denies the allegations in paragraph 71 of the SAC.

72.     Paragraph 72 of the SAC contains no allegations of fact directed against or expressly about NAF, and thus no response is required. To the extent a response is required, NAF denies the allegations of paragraph 72 of the SAC as stated.

73.     Paragraph 73 of the SAC contains no allegations of fact directed against or expressly about NAF, and thus no response is required. To the extent a response is required, NAF denies the allegations of paragraph 73 of the SAC as stated.

74.     Paragraph 74 of the SAC contains no allegations of fact directed against or expressly about NAF, and thus no response is required. To the extent a response is required, NAF denies the allegations of paragraph 74 of the SAC as stated.

75.     NAF denies the allegations of paragraph 75 of the SAC as stated.

76.     NAF denies the allegations of paragraph 76 of the SAC as stated.

77.     Responding to the allegations of paragraph 77 of the SAC, NAF admits only that it adjusted Plaintiff's compensation for pricing exceptions around February 2019. NAF denies the remaining allegations of paragraph 77 of the SAC.

78.     NAF denies the allegations of paragraph 78 of the SAC as stated.

79.     Paragraph 79 of the SAC contains no allegations of fact directed against or expressly about NAF, and thus no response is required. To the extent a response is required, NAF generally admits that the allegations of paragraph 79 include general examples of marketing costs.

80.     NAF denies the allegations of paragraph 80 of the SAC as stated, including, without limitation, to the extent that they conflict with Plaintiff's Regional Manager Agreement.

81.     Paragraph 81 of the SAC contains no allegations of fact directed against or expressly about NAF, and thus no response is required. To the extent any response is required, NAF denies the allegations of paragraph 81 of the SAC as stated.

82.     Responding to the allegations in paragraph 82 of the SAC, NAF admits only that around February 2019, NAF ceased providing a marketing

2
17864901v1

budget to Plaintiff. NAF denies the remaining allegations of paragraph 82 of the SAC as stated.

83.     NAF admits the allegations of the first sentence of paragraph 83 of the SAC. NAF denies the allegations of the second sentence of paragraph 83 of the SAC, including, without limitation, that Plaintiff then had a marketing budget ranging from $50,000 to $75,000 per month.

84.     NAF denies the allegations of paragraph 84 of the SAC as stated.

85.     Responding to the allegations of paragraph 85 of the SAC, NAF admits only that it generally paid for certain marketing costs and pricing exceptions until around February 2019. NAF denies the remaining allegations in paragraph 85 of the SAC as stated.

86.     NAF denies the allegations in paragraph 86 of the SAC as stated, admitting only that it informed Plaintiff and others of certain changes with respect to marketing costs and pricing exceptions.

87.     NAF denies the allegations in paragraph 87 of the SAC.

88.     Responding to the allegations of paragraph 88 of the SAC, NAF admits that it removed Tennessee and Virginia from Plaintiff's territory. NAF denies the remaining allegations of paragraph 88 of the SAC.

89.     NAF denies the allegations of paragraph 89 of the SAC as stated.

2
17864901v1

90.    NAF denies the allegations of paragraph 90 of the SAC.

91.    NAF denies the allegations of paragraph 91 of the SAC.

92.    NAF admits the allegations of paragraph 92 of the SAC.

93.    NAF denies the allegations in paragraph 93 of the SAC.

94.     NAF denies the allegations in paragraph 94 of the SAC.

95.    Responding to the allegations in paragraph 95 of the SAC, NAF admits only that Plaintiff, through her counsel, sent a July 27, 2020 demand letter to NAF. NAF denies the remaining allegations in paragraph 95 of the SAC.

## COUNT I
## BREACH OF CONTRACT

96.    NAF incorporates and reasserts its responses to the preceding paragraphs as if fully set forth herein.

97.    NAF denies the allegations of paragraph 97 of the SAC as stated (including, without limitation, the allegations of footnote 1 to paragraph 97), admitting only that the parties' respective rights and obligations under their contract are governed by applicable Georgia law.

98.    NAF denies the allegations in paragraph 98 of the SAC.

99.    NAF denies the allegations in paragraph 99 of the SAC.

100.    NAF denies the allegations in paragraph 100 of the SAC.

16

101.    NAF denies the allegations in paragraph 101 of the SAC.

102.    NAF denies the allegations in paragraph 102 of the SAC.

103.    NAF denies the allegations in paragraph 103 of the SAC.

104.    NAF denies the allegations in paragraph 104 of the SAC.

**COUNT II**
**UNJUST ENRICHMENT:**
**PRICING EXCEPTIONS AND MARKETING COSTS**

105.    NAF incorporates and reasserts its responses to paragraphs 1 through 95 as if fully set forth herein.

106.    NAF denies the allegations of paragraph 106 of the SAC as stated, admitting only that, prior to February 2019, it permitted certain pricing exceptions and provided certain marketing budgets for the Southeastern region.

107.    NAF denies the allegations of paragraph 107 of the SAC as stated, admitting only that it provided Plaintiff with a certain marketing budget and permitted certain pricing exceptions through February 2019.

108.    NAF denies the allegations of paragraph 108 of the SAC as stated.

109.    NAF denies the allegations of paragraph 109 of the SAC.

110.    NAF denies the allegations in paragraph 110 of the SAC.

111.    NAF denies the allegations in paragraph 111 of the SAC.

112.    NAF denies the allegations in paragraph 112 of the SAC.

113.    NAF denies the allegations in paragraph 113 of the SAC.

## COUNT III
## UNJUST ENRICHMENT:
## REDUCTION IN TERRITORY

114.    NAF incorporates and reasserts its responses to paragraphs 1 through 95 as if fully set forth herein.

115.    Responding to the allegations of paragraph 115 of the SAC, NAF admits only that Plaintiff was hired, in part, to develop the Southeastern region, which then included Tennessee and Virginia. NAF denies the remaining allegations of paragraph 115 of the SAC.

116.    NAF denies the allegations in paragraph 116 of the SAC.

117.    NAF denies the allegations in paragraph 117 of the SAC.

118.    NAF denies the allegations in paragraph 118 of the SAC.

119.    NAF denies the allegations in paragraph 119 of the SAC.

120.    NAF denies the allegations in paragraph 120 of the SAC.

## COUNT IV[1]
## FRAUD- PRICING EXCEPTIONS AND MARKETING EXPENSES

---

[1]    Plaintiff's allegations in footnote 2 constitute a legal conclusion for which no response is required from NAF. To the extent a response is required, NAF denies the allegations in footnote 2 of the SAC.

2
17864901v1

121.    NAF incorporates and reasserts its responses to paragraphs 1 through 95 as if fully set forth herein.

122.    NAF denies the allegations in paragraph 122 of the SAC.

123.    NAF denies the allegations in paragraph 123 of the SAC.

124.    NAF denies the allegations in paragraph 124 of the SAC.

125.    NAF denies the allegations in paragraph 125 of the SAC.

## COUNT V
## PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5.1

126.    NAF incorporates and reasserts its responses to paragraphs 1 through 125 as if fully set forth herein.

127.    NAF denies the allegations in paragraph 127 of the SAC.

## COUNT VI
## COSTS, EXPENSES AND ATTORNEY FEES PURSUANT TO O.C.G.A. § 13-6-11

128.    NAF incorporates and reasserts its responses to the preceding paragraphs as if fully set forth herein.

129.    NAF denies the allegations in paragraph 129 of the SAC.

## GENERAL DENIAL

130.    NAF denies the allegations in the "WHEREFORE" section of the SAC and further denies all relief sought by Plaintiff through the SAC. NAF moreover denies each and every factual allegation contained in the SAC that is not expressly

2
17864901v1

admitted in the preceding paragraphs of this Answer. In further response, all allegations, headings, and unnumbered paragraphs not expressly admitted herein are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving any non-affirmative defenses that are not stated herein and without assuming the burden of proof or any defense where the law provides otherwise, NAF submits its affirmative and other defenses to the claims set forth in the SAC. The extent to which some of these defense are applicable, and whether additional grounds exist in support of these defenses, will be developed through discovery.

### First Defense

Plaintiff's claims fail to the extent the SAC fails to state a claim upon which relief can be granted, including, without limitation, for the reasons stated in NAF's motion to dismiss, the merits of which are preserved for appeal and because Plaintiff's fraud and punitive damages claims are not viable under Georgia law.

### Second Defense

Plaintiff's claims fail, in whole or in part, because Plaintiff was compensated according to the terms of her agreement with NAF.

2
17864901v1

### Third Defense

Plaintiff's claims fail, in whole or in part, because Plaintiff was given ample notice, in writing, of any compensation changes made by NAF, including changes permissibly made in NAF's discretion.

### Fourth Defense

Plaintiff's claims for unjust enrichment fail because the parties had a valid contract governing the subject matters of such claims.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Eighth Defense

Plaintiff's claims fail, in whole or in part, and any performance of NAF was excused, by virtue of Plaintiff's own failure to perform under her agreement.

2
17864901v1

## Ninth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by the employment at-will doctrine.

## Thirteenth Defense

The SAC fails to allege facts sufficient to justify a recovery of actual damages, statutory damages, punitive damages, interest, attorneys' fees, costs, or any other form of relief.

## Fourteenth Defense

To the extent that Plaintiff has failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

2
17864901v1

**Fifteenth Defense**

Plaintiff's claims are barred, in whole or in part, or her recovery is reduced, by the doctrine of setoff, including by any overpayments made to Plaintiff.

**Sixteenth Defense**

Plaintiff's claims in Counts IV and V are barred because NAF did not make any false representations regarding its financial condition.

**Seventeenth Defense**

Plaintiff's claims in Counts IV and V are barred because NAF did not make any statements regarding its financial condition with the intent to induce Plaintiff to act or refrain from acting.

**Eighteenth Defense**

Plaintiff's claims in Counts IV and V are barred because Plaintiff did not justifiably rely on NAF's statements regarding its financial condition to Plaintiff's detriment.

**Nineteenth Defense**

Plaintiff's claims in Counts IV and V are barred because NAF's statements regarding its financial condition were not the proximate cause of any damages Plaintiff suffered.

2
17864901v1

**Twentieth Defense**

Plaintiff's claims in Counts IV and V are barred because Plaintiff did not suffer any damages as a result of NAF's statements regarding its financial condition.

**Twenty First Defense**

Plaintiff is not entitled to punitive damages, as set forth by the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Twenty Second Defense**

NAF reserves the right to amend its Answer and Affirmative Defenses and raise any other defenses allowed by law as evidence is discovered in this case.

WHEREFORE, having fully responded to the SAC, NAF respectfully requests that the Court enter an Order denying all of the claims against NAF in the SAC, and that judgment be rendered in favor of NAF and against Plaintiff with respect to all claims against NAF, and that NAF be granted such other and further relief as the Court deems just, equitable, and proper, including, without limitation, its attorneys' fees.

2
17864901v1

Respectfully submitted this 3rd day of March, 2022.

/s/ Henry M. Perlowski
Henry M. Perlowski (Ga. Bar 572393)
Henry.Perlowski@agg.com
T. Chase Ogletree (Ga. Bar 579860)
Chase.Ogletree@agg.com
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: 404-873-8684
Facsimile: 404-873-8685

*Counsel for Defendant Broker Solutions, Inc.
d/b/a New American Funding*

2
17864901v1

## <ins>CERTIFICATE OF COMPLIANCE</ins>

Pursuant to Local Rule 7.1(D), the undersigned certifies that this Motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), namely, Book Antiqua (13 point).

Respectfully submitted, this the 3rd day of March, 2022.

<ins>/s/ Henry M. Perlowski</ins>
Henry M. Perlowski

2
17864901v1