AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| GINA SPEARMAN, <br> *Plaintiff* <br> v. <br> BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING, <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:20-CV-04981-CAP <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Lex A. Watson, II, Esq., Merritt Watson, LLP, 200 Galleria Parkway, Suite 500, Atlanta, GA 30339

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

n/a

| Place: Arnall Golden Gregory LLP <br> 171 17th Street NW, Suite 2100 <br> Atlanta, GA 30363 | Date and Time: <br> 01/18/2022 9:30 am |
|---|---|

The deposition will be recorded by this method: stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See the attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/14/2021

| CLERK OF COURT | OR | *signature* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant New American Funding, who issues or requests this subpoena, are:
T. Chase Ogletree, Esq., Arnall Golden Gregory LLP, 171 17th Street NW, Suite 2100, Atlanta, GA 30363 Phone: 404-873-8726; email: chase.ogletree@agg.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DEFENDANT'S EXHIBIT 1 WATSON 1-18-22

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-CV-04981-CAP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For purposes of these discovery requests, the following terms shall have the following meanings:

1. The term "the Firm" shall refer to the law firm of Merritt Watson, LLP, and any of its partners, employees and/or agents, including, without limitation, Lex A. Watson, II, Esq.

2. The terms "Plaintiff," and "Spearman" shall refer to Gina Spearman, Plaintiff in the above-captioned action, including her agents and representatives.

3. "NAF" shall refer to Broker Solutions, Inc., d/b/a New American Funding, a Defendant in the above-captioned action, including its officers, directors, employees, agents, and representatives.

4. "Lawsuit" shall refer to the above-captioned action, pending in the United States District Court for the Northern District of Georgia.

5. The term "document" is used in its broadest sense to mean every information-containing thing, including copies and duplications, and further including, without limitation, correspondence, papers, records, computer printouts, magnetic tapes, disks, or other electronically-stored information, email, audio tapes, videotapes, transcripts of audio tapes or videotapes, film, photographs, checks, bank statements, orders, contracts, agreements, notes of

17468312v2

telephone or other conversations, and any other information-containing paper, writing, or thing.

6. The term "communication" shall be construed in its broadest sense to include any exchange of information, whether oral, written, or otherwise recorded, and further including without limitation: correspondence, memoranda, email, notes, text messages, audio files of any kind (including voicemail), in-person exchanges, and exchanges facilitated through electronic, telephonic, digital, computer, internet, or other technological means.

7. The terms "identify," with respect to a person, shall mean state the person's full name and last known contact information, including address, phone number, and email address.

8. The term "person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

9. The terms "pertain," "pertaining," "reflect," "reflecting," "refer," "referring to," "relate," and "relating to," as used herein, shall include within their meaning the concepts of containing, alluding to, responding to, concerning, regarding, about, commenting upon, discussing, showing, describing, disclosing, explaining, mentioning, analyzing, constituting, evidencing, embodying, summarizing, or characterizing, either directly or indirectly, in whole or in part.

17468312v2

10. These requests extend to all documents in your possession, custody, or control. The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the numbered paragraphs of these requests.

11. If you cannot respond to any of the following discovery requests in full after exercising due diligence to secure pertinent information, answer the discovery request to the extent possible and explain your inability to provide a complete answer, or your objection thereto.

12. If any documents or portions of documents requested herein were in your possession, custody, or control but have been lost, discarded, destroyed, or otherwise transferred outside your possession, custody, or control, each such document or portion of document shall be identified as completely as possible by stating: (a) the name of each author, writer, sender, or creator of such document; (b) the name of each recipient, addressee, or party for whom such document was intended or received, if any; (c) the date of such document, if any, or an estimate thereof, indicated as such; (d) a description of the general nature and subject matter of the document; (e) a description of the reason why such responsive document was lost, discarded, destroyed, or is otherwise outside your possession, custody, or control; (f) a description of the manner through which such responsive

document is or was lost, discarded, destroyed, or is otherwise outside your possession, custody, or control.

13.    If the response to any of the following written discovery requests consists in whole or in part of any objection relating to or including burdensomeness, then, with respect to such response, state with particularity the basis of the objection; provide such information as can be obtained without undue burden; and state whether documents or other sources will be made available for inspection and/or copying.

14.    If you contend that any of the information or documents sought herein are protected by a privilege or otherwise shielded from discovery, explain the basis of that objection in detail, and provide as much responsive information as possible consistent with that claimed privilege. Specifically, with respect to any documents you claim are privileged or otherwise shielded from discovery, please identify each author, sender, or recipient of that document, the date of the document, the general nature and subject matter of the document, and the grounds which you believe shield the document from discovery.

## **REQUESTS FOR PRODUCTION**

1.    All documents reflecting any communications between any representative of the Firm and Plaintiff regarding any aspect of her employment with NAF from 2016 to the present, including but not limited to, any aspect of her

compensation from or allegedly due from NAF, her employment agreement(s) with NAF, and any actual or proposed amendments to her compensation and/or employment agreement(s).

2.  All documents on which Plaintiff was copied and that in any way relate to the Firm's representation of Plaintiff and/or any third-party (including, without limitation, Kelly Allison) in 2019 and/or 2020.

3.  All documents exchanged between the Firm and The Finley Firm, P.C. that in any way relate to Plaintiff and her potential claims against NAF.