UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GINA SPEARMAN,<br><br>  Plaintiff,<br><br>v.<br><br>BROKER SOLUTIONS, INC. d/b/a<br>NEW AMERICAN FUNDING,<br><br>  Defendant. | Civil Action No. 1:20-CV-04981-CAP |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO FILE DOCUMENTS UNDER SEAL**

On May 2, 2022, this Court entered an Order (Doc. No. 116) granting in part Plaintiff Gina Spearman's motion to file portions of certain depositions under seal. Regarding the Depositions of Christy Bunce (Volumes I and II), Jan Preslo, Jim Muth, and Jason Obradovich (Volumes I and II), the Court asked Defendant Broker Solutions, Inc. d/b/a New American Funding ("NAF") to file a response to Plaintiff's motion within 14 days setting forth the elements needed for the Court to evaluate whether to seal each portion of deposition testimony that NAF designated as confidential. (Doc. No. 116 at 3-4.)

1

## GOVERNING LAW

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (quotation and alteration omitted). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

District courts may seal information filed in the court record in civil litigation when that information constitutes competitive information, business plans, or business strategies amounting to trade secrets. *See, e.g., Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *ATI Indus. Automation,*

*Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 425-26 (M.D.N.C. 2011). Information in the court record that may be shielded from public disclosure can include "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (collecting cases and pointing to "trade secrets, the identity of informers, and the privacy of children" as examples of compelling reasons for sealing portions of the court record).

For documents that include both information that might harm legitimate privacy interests and information in which the public's interest in access outweighs privacy interests, "partial redaction of the document is an acceptable, less onerous alternative to sealing the entire document." *Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.*, No. CV 117-096, 2018 WL 797434, at *9 (S.D. Ga. Feb. 8, 2018). However, where a document focuses entirely on confidential information, redaction is not a viable alternative and the entire document should be sealed. *See, e.g., Ghaisar v. United States*, No. 119CV01224CMHIDD, 2020 WL 6949000, at *1-2 (E.D. Va. Oct. 23, 2020) (sealing entire exhibit and noting that "[f]or documents focused entirely on highly sensitive, protected information, an alternative procedure like redaction would gut the documents substantially and render them useless to the public"); *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *4

(D.N.J. Jan. 3, 2012) (explaining that redaction is not a viable alternative where a document, as a whole, contains sensitive information).

## SEALED DOCUMENTS

The following is a list of deposition excerpts and exhibits that NAF seeks to remain under seal, as well as the reason for sealing:[1]

| Portion | Description | Reason for Filing Under Seal |
|---|---|---|
| 56:14-17; 56:19-24; 92:1-6; 92:16-19; 93:13-20; 94:9-13; 94:21-24; 95:4-6; 96:15-17; 101:4-12; 103:7-10; 103:16-22; 108:15-18; 110:21-24; 119:10-20; 120:2-5; 120:15-18; 121:2-6; 121:25-122:4; 123:5-8; 123:15-124:1; 124:11-14; 124:23-125:2; 126:22-127:6; 128:21-24; 159:5-7; 163:6-10; 167:23-168:2 | Jim Muth Deposition | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |

---

[1] Plaintiff did not consult with NAF before filing under seal. As a result, there are deposition *exhibits* that Plaintiff filed under seal that NAF does not necessarily contend should be sealed. (Some of these exhibits were never designated as "confidential" by NAF, while others were designated as "confidential" during discovery but, after further analysis, were not deemed to require sealing.)

4

18122703v1

| Portion | Description | Reason for Filing Under Seal |
|---|---|---|
| Ex. 1 to Muth Dep. | OLA Division Corporate Margin Breakdown 2018 | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 2 to Muth Dep. | Profit and Loss statement ("P&L") for NAF's Southeast Region 1.2018 to 9.2018 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 4 to Muth Dep. | Complete OLA P&L 1.2018 to 11.2018 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 7 to Muth Dep. | 2018 Southeast Regional Summary P&L | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 9 to Muth Dep. | 2018 Post Lock Concessions | References to financial information, including pricing exceptions, fees, and other expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 10 to Muth Dep. | Southeast Region Discretionary and Marketing Expenses 2018 | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 11 to Muth Dep. | P&L Southeast Region 10.2018 to 12.2018 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |

5

| Portion | Description | Reason for Filing Under Seal |
|---|---|---|
| Ex. 12 to Muth Dep. | P&L for all of NAF's regions | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 13 to Muth Dep. | P&L for NAF's Southeast Region 2017 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 14 to Muth Dep. | P&L for NAF's Southeast Region 11.2016 to 4.2020 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 15 to Muth Dep. | 2018 Southeast Region Marketing Expenses | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 16 to Muth Dep. | 2018 Southeast Region Expenses | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 17 to Muth Dep. | Southeast Region Marketing Expenses | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |

| **Portion** | **Description** | **Reason for Filing Under Seal** |
|---|---|---|
| 44:15-46:10; 47:6-49:19; 50:4-51:1; 83:25-93:25; 94:23-99:19; 104:6-106:18; 113:23-115:13; 116:10-14; 128:1-129:9; 130:5-12; 131:12-133:6; 133:16-135:1; 135:21-136:4; 137:1-138:21 | Jason Obradovich Deposition Volume I | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 3 to Obradovich Dep. Vol. I | Southeast Region P&L 10.2018 to 12.2018 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| 207:9-13; 208:1-12; 209:17-210:3; 210:12-23; 213:12-14; 213:19-214:3; 215:8-13; 228:11-23 | Jason Obradovich Deposition Volume II | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 5 to Obradovich Dep. Vol. II | Southeast Region P&L 10.2018 to 12.2018 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 6 to Obradovich Dep. Vol. II | Complete OLA P&L 1.2018 to 11.2018 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |

18122703v1

| **Portion** | **Description** | **Reason for Filing Under Seal** |
|---|---|---|
| Ex. 8 to Obradovich Dep. Vol. II | 2018 Southeast Regional Summary P&L | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 9 to Obradovich Dep. Vol. II | 2018 Southeast Region Financial Statement | References to financial information, including revenue, expenses, and pricing exceptions, that would impose competitive injury and economic harm to NAF |
| Ex. 10 to Obradovich Dep. Vol. II | 2018 Post Lock Concessions | References to financial information, including pricing exception costs, fees, and other expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 11 to Obradovich Dep. Vol. II | 2018 Southeast Region Discretionary and Marketing Expenses | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 12 to Obradovich Dep. Vol. II | OLA Division Corporate Margin Breakdown 2018 | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 13 to Obradovich Dep. Vol. II | P&L for all of NAF's regions | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 14 to Obradovich Dep. Vol. II | NAF Southeast Region P&L 1.2018 to 9.2018 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |

18122703v1

| Portion | Description | Reason for Filing Under Seal |
|---|---|---|
| Ex. 15 to Obradovich Dep. Vol. II | NAF Southeast Region P&L 2017 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 16 to Obradovich Dep. Vol. II | NAF Southeast Region P&L 11.2016 to 4.2020 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 17 to Obradovich Dep. Vol. II | NAF Southeast Region 2018 Marketing Expenses | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 18 to Obradovich Dep. Vol. II | NAF Southeast Region 2018 Expenses | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 19 to Obradovich Dep. Vol. II | NAF Southeast Region Marketing Expenses | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |

18122703v1

| **Portion** | **Description** | **Reason for Filing Under Seal** |
|---|---|---|
| 73:20-25; 75:21-25; 77:12-25; 78:4-7; 78:11-12; 122:18-125:7; 155:1-10; 157:15-22; 159:10-160:22; 180:17-181:10; 186:15-22; 187:2-5; 188:11-16; 189:9-12; 192:4-9; 193:6-14; 193:19-194:7; 195:14-17; 195:22-24; 201:22-202:5; 232:10-233:1; 237:9-239:7; 257:12-15; 258:5-11 | Christy Bunce Deposition Volume I | References to financial information, including profits, losses, and expenses, that would impose competitive injury and economic harm to NAF |
| 20:4-6; 35:22-25; 39:22-40:2; 40:20-22 | Christy Bunce Deposition Volume II | References to financial information, including profits, losses, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 1 to Bunce Dep. Vol. II | P&L for all of NAF's regions | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 3 to Bunce Dep. Vol. II | P&L for NAF's Southeast Region 1.2018 to 9.2018 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 4 to Bunce Dep. Vol. II | P&L for NAF's Southeast Region 10.2018 to 12.2018 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |

| Portion | Description | Reason for Filing Under Seal |
|---|---|---|
| Ex. 5 to Bunce Dep. Vol. II | P&L for NAF's Southeast Region 2017 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 6 to Bunce Dep. Vol. II | P&L for NAF's Southeast Region 11.2017 to 4.2020 | References to financial information, including profits, losses, revenue, and expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 7 to Bunce Dep. Vol. II | OLA Division Corporate Margin Breakdown 2018 | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 8 to Bunce Dep. Vol. II | NAF's Southeast Region Discretionary and Marketing Expenses 2018 | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 9 to Bunce Dep. Vol. II | NAF's Southeast Region Expenses 2018 | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 10 to Bunce Dep. Vol. II | NAF's Southeast Region Expenses 2018 | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |
| Ex. 11 to Bunce Dep. Vol. II | NAF's Southeast Region Marketing Expenses | References to financial information, including expenses, that would impose competitive injury and economic harm to NAF |

| Portion | Description | Reason for Filing Under Seal |
|---|---|---|
| 69:3-72:2; 86:4-23; 87:7-88:3; 88:24-89:3; 89:9-94:1; 94:8-18; 95:11-16; 95:22-97:12; 99:13-100:19; 101:4-16; 108:7-109:8; 116:25-117:25; 119:19; 121:6; 123:7; 123:16-125:5; 128:14-19; 133:10-134:3; 135:17-136:12; 137:25-138:4 | Jan Preslo Deposition | References to financial information, including profits, losses, expenses, and salaries, that would impose competitive injury and economic harm to NAF |

These deposition excerpts and exhibits consist of confidential, commercially-sensitive financial information, including expenses, revenue, profits, and losses. These documents reference protected information that NAF has designated as commercially-sensitive information that, if disclosed, is likely to harm NAF's business or competitive position.

As a result, this Court should seal such information under the *Romero* factors, as allowing public access would harm legitimate privacy interests and likely injure NAF. Further, the information NAF seeks to seal does not concern public officials or public concerns, and thus NAF's private interest in keeping

information confidential outweighs the public's interest in accessing the information.

Finally, NAF chose to redact portions of the depositions instead of filing those documents under seal in their entirety. Thus, NAF has already pursued a less onerous alternative to fully sealing the depositions themselves. *Augusta Nat'l*, 2018 WL 797434, at *9 (noting that "partial redaction of the document is an acceptable, less onerous alternative to sealing the entire document"). And regarding the deposition exhibits, those exhibits focus entirely on sensitive financial information in the form of profit and loss statements, corporate expenses, and marketing expenses. Thus, redacting those documents is not a viable alternative to sealing. *See, e.g., Ghaisar,* 2020 WL 6949000, at *1-2 (sealing entire exhibit and noting that "[f]or documents focused entirely on highly sensitive, protected information, an alternative procedure like redaction would gut the documents substantially and render them useless to the public"); *Goldenberg,* 2012 WL 15909, at *4 (explaining that redaction is not a viable alternative where a document, as a whole, contains sensitive information).

Accordingly, NAF requests that the provisionally sealed unredacted deposition transcripts and deposition exhibits listed above be maintained permanently under seal.

18122703v1

Respectfully submitted this 13th day of May, 2022.

>*/s/ Henry M. Perlowski*
>Henry M. Perlowski
>Georgia Bar No. 572393
>Henry.Perlowski@agg.com
>T. Chase Ogletree
>Georgia Bar No. 579860
>Chase.Ogletree@agg.com
>
>*Counsel for Defendant Broker Solutions, Inc. d/b/a New American Funding*

**ARNALL GOLDEN GREGORY LLP**
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone (404) 873-8684
Facsimile: (404) 873-8685

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing was prepared using Book Antiqua 13-point font in accordance with Local Rule 5.1(B).

This 13th day of May, 2022.

                                          ARNALL GOLDEN GREGORY LLP

                                          */s/ Henry M. Perlowski*
                                          Henry M. Perlowski